’Chief Justice Maeshall
delivered the opinion of the Court.
This bill was filed by Pennington’s heirs to obtain payment and enforce their lien on a tract of land which had been sold on petition of their guardian, R. B. Hen-, ry, and purchased by James Henry, his brother. It appears that the commissioner who made the sale, having been directed by the Court tp collect the proceeds and .pay them over, he and the guardian and purchaser met, and the purchaser took in his notes for the sale money by giving a credit for the amount upon a note which he held on the guardian, who was also one of his securities in the sale notes. Some time afterwards the heirs, as relators, recovered against the guardian and his security on their bond, a judgment for $812, founded upon the liability of the guardian for the proceeds of the sale of their land. But as the penalty of the guardian’s bond was only $600, this Court reversed the judgment *56 on the ground that ‘there could nofbe a recovery of more than the penalty in the action .of debt on .the bond, (Woods &c., vs Commonwealth, for Pennington's heirs, 8 B. Mon. 112,) and the cause was remanded for a’ new trial unless the. plaintiff should release the excess in..the judgment above $600. The plaintiff elected to release the excess, and the judgment thus diminished having been realized, the heirs of Pennington, relators in, the action referred to, claim the residue»of the purchase money from the purchaser and as ,a lien on the land. This claim is resisted on the grounds, 1st, that in the arrangement with the guardian who was entitled to receive the purchase money, the purchaser made a valid and effectual payment which extinguished his liability as purchaser, and relieved the land from all bur-then on that account. And 2d, that by prosecuting their action against the guardian and his surety on the guardian’s bond, the complainants had elected their remedy and released the land. And 3d, that by releasing the excess of the judgment in the action at law, they had released their claim except as included in the residue of the judgment, and that having realized that residue they have no further claim on account of the purchase or at any rate as against the purchaser or the land. The case on the petition seems to have remained on the docket not finally disposed of, and no conveyance having been made to the purchaser, the .Court in conformity with the .offer and prayer of the present complainants., decreed that the purchaser pay the remaining balance of the purchase money, and directed a deed to be made on payment of that balance and declaring a lien in case of its non-payment, thus in effect confirmed the sale.
A lien exists in behalf of infan heirs, upon land sold by their guardian under a decree of the Chancellor, until the price is actually paid — a credit given on the bond oí the guardian due to the purchaser, is not such actual payment as will extinguish the lien.
*56 The decree is in our opinion correct, and the grounds taken by the defendant, one and all untenable.
The arrangement by which the purchaser of the land of these infants settled, or attempted to settle his liability for the purchase money, by crediting his own demands against his brother, the guardian, on whose petition the land was sold, cannot be regarded as a valid *57 one, because it was -not an actual payment. The guardian had no right to pay his .own debt with the property of his wards, whether land or money or choses In action. And the purchaser of their land had no right to appropriate it, or his indebtedness for.it, to the satisfaction of his own demand against their .guardian, who was not entitled to receive the purchase money for his own benefit, but in his fiducial character, and as trustee for his wards. The arrangement involved a breach of trust, and by the concurrence of the purchaser, for whose benefit it was made, he became a participator in the injury, and subjected himse]f to the consequences.
If it be conceded that the purchaser at a sale of infants’ land, is not bound to see to the application of the sale money by the person authorized to receive it for the infants, this .concession is very far from justifying the conclusion that he is not bound to .make a real payment to such person, or that he can discharge himself, by any arrangement to which he can procure the sanction of the fiduciary, without regard to the interests of the beneficiaries. If the purchaser in this case had actually and in good fai.th paid the purchase money to the guardian, he would not have been responsible for its subsequent misappropriation without improper concurrence on his own part, nor for the subsequent insolvency of the guardian. But having .attempted to discharge himself by a misappropriation of the fund for his own benefit, his liability remains subject only to be relieved by the guardian’s making full satisfaction, or to the extent that he shall make full satisfaction to his wards for the debt which he has attempted to release by taking it in payment of his own indebtedness. He therefore runs the risk of insolvency, or other obstacle to the enforcement of the liability of the guardian, incurred by the breach of trust in which he has concurred. And if this responsibility could not be enforced against him personally, we have no doubt that it rests upon the land, and may be enforced against it while in his hands, and especially while the legal title remains in the wards, because *58 he has not in fact and in good faith paid for their use, and as he was bound to pay for it, the price at which he purchased it. A different doctrine would expose the interests of infants to be sacrificed by fraudulent or sham arrangements, with their guardians which it might be impossible for them to unravel and expose. Their only safety is in the principle which removes temptation and the'power of committing the injury by declaring all arrangements between a fiduciary and a third person, indebted to him in that character, by which they knowingly appropriate the trust fund in an irregular manner, for their mutual advantage, and without securing- the interests of the beneficiaries, to he ineffectual to extinguish those interests, or to relieve either party from responsibility. We may add as an illustration of the importance of this principle, and of the propriety of its application in this particular case, that it is not shown that there was any real debt due from the guardian to his brother, the purchaser of the land, which could absorb the purchase money due from the latter ; enough-appears to induce the conclusion that if this alleged debt exceeding the purchase money was real, the guardian owed as much as he was worth, or more; and' the arrangement between the two may well be regarded as an attempt to secure the demands of the purchaser by throwing the hazard arising from the embarrassed condition of the guardian upon his wards, or upon his sureties in his bond as guardian or as both.
Where a guardian sold land of infants, and gave bond in a penalty insufficient to cover his actual responsibility for a faithful application of the proceeds of the sale, though a judgment upon such, bond might. relieve the land to that extent, yet a lien exists upon the land in the hands of the purchaser, in behalf of the heir tor the remain, der.
*58 Without pursuing further this branch of the case, we are satisfied that while the guardian and his surety became liable on their bond (to the extent of its penalty,) for the amount of the purchase money settled or receipted for as above' stated, the responsibility of the purchaser either- personally or through a lien upon the land also continued, and although the successful enforcement of either of these liabilities to any extent, would operate so far to relieve or discharge the other, wc do not admit that a resort to either or a partial satisfaction realized from either, would ipso fado operate- *59 as a full discharge or as a waiver of the other. The complainants were entitled to the whole price for which their land was sold with its interest. 'The guardian’s bond secured only a part of it, and according to the evidence in this case, the land would not produce the whole. The claim could not be satisfied by a resort to either alone, and the guardian himself is insolvent. The complainant’s then must lose a part of their just debt if they cannot resort to both of these means of satisfaction, unless the purchaser should he held personally responsible for the whole, or for whatever remains unsatisfied. If, as we think is clear, he remains personally responsible, because he has notin good faith paidhisdebt for the land, then it is clear that the recovery upon the guardian’s bond is so far a relief to him; and as the bond did not secure the entire debt, it is unreasonable to suppose that a resort to it for so much as it did secure, or a realization from.it of partial satisfaction, should merge or discharge the whole debt, or should relieve either the land or the person of the purchaser from liability for the unpaid balance.
Held not lo be a case in wjiich the heir .could have been required to elect one and relinquish another remedy, or, having pursued one ineffectually to have lost the other— but might pursue each until satisfaction — a ease of several remedies.
A release of part of a judgment in an action of debt on the penalty of a guardian’s bond, given for the faithful appropriation of money received by him upon the sale of infants’ real estate, because the judg" ment exceedted the penalty of the bond: Held not to beany bar to the heir in enforcing the lien fer the remainder of the price due for the land, not recovered of the guardian.
*59 This was a case of several remedies, but not a case in which the pursuit of one precluded a resort to the others. The claimants could not have been compelled to elect one and abandon other remedies. The different responsibilities were separate and independent of each other, and although the claimants were entitled to but one satisfaction, they were entitled to all their remedies until it should be attained. They doubtless expected to obtain full satisfaction by their action on the bond, and resorted to it for that purpose. But it secured only a part of their demand.
And as the resort to it did not imply an abandonment of other remedies but only a preference for that as the most easy and direct, so the release of the erroneous part or excess of the judgment as first rendered, being only adopted as a part of that remedy and as an alternative for a new trial in which the judgment would certainly be rendered to the amount of the penalty of *60 the- bond, it cannot' be regarded as a release of any part of their claim or of any remedy for its enforcement, but only as a- means of rendering effectual, without further delay or expense^ the particular remedy which they had adopted, to the extent to which that remedy could be made the- means of satisfying their claim.
Rice■ and Burdett for plaintiffs; Turner for defendants.
We are of opinion therefore that there is no error in the decree, and the same is affirmed with costs.